**William MARIANI–GIRON, et al., Plaintiffs, Appellants,**

v.

**Heriberto ACEVEDO–RUIZ, etc., et al., Defendants, Appellees.**

No. 90–1965.

United States Court of Appeals,
First Circuit.

Heard March 7, 1991.

Decided Sept. 11, 1991.

As Amended Sept. 30, 1991.

Frank Rodriguez–Garcia, Ponce, P.R., for plaintiffs, appellants.

Paul B. Smith, Jr. with whom Saldana, Rey & Alvarado, Hato Rey, P.R., was on brief, for defendants, appellees.

**2**

Before BREYER, Chief Judge, SELYA, Circuit Judge, and BOYLE, District Judge.

FRANCIS J. BOYLE, Chief District Judge [1]:

Plaintiffs-appellants William Mariani–Giron and Iris Myrta Saes, appeal an order of the United States District Court for the District of Puerto Rico denying their motion to alter or amend a judgment of dismissal. We conclude that the trial court did not abuse its discretion, and therefore affirm.

Plaintiff Mariani–Giron (Mariani) worked for the Puerto Rico Civil Defense Agency as a Zone Coordinator from 1980 until his dismissal in 1985 when Puerto Rico's political leadership changed. Mariani filed this action in the United States District Court for the District of Puerto Rico, claiming he was terminated because of his political beliefs in violation of the First Amendment to the United States Constitution, and Puerto Rico law. Mariani sought damages, reinstatement and attorney's fees. Ms. Saes, as the wife of Mariani, sued for emotional anguish. The district court issued a preliminary injunction ordering Mariani's reinstatement, and this Court affirmed. *See Mariani Giron v. Acevedo Ruiz*, 834 F.2d 238 (1st Cir.1987).

Defendant Heriberto Acevedo–Ruiz, the Director of the Puerto Rico Civil Defense Agency, then moved for summary judgment on the basis of qualified immunity. The district court denied his motion. We reversed. *Mariani–Giron v. Acevedo–Ruiz*, 877 F.2d 1114 (1st Cir.1989). Mariani's claims for permanent reinstatement and damages under Puerto Rico law remained.

On April 16, 1990, the same district judge who presided in this action, held in another case that a Zone Coordinator for the Puerto Rico Civil Defense Agency could be dismissed on the basis of his political beliefs because the job involved policymaking and was legitimately related to partisan political interests. *Valentin Acevedo v. Acevedo-Ruiz*, No. 85–0819CC, slip op. (D.P.R. April 16, 1990) (citing *Jimenez Fuentes v. Torres Gaztambide*, 807 F.2d 236 (1st Cir. 1986) (en banc), *cert. denied*, 481 U.S. 1014, 107 S.Ct. 1888, 95 L.Ed.2d 496 (1987)). On May 25, 1990, the district court ordered Mariani to show cause within twenty days why this action should not be dismissed because he, like the plaintiff in *Valentin Acevedo*, was employed as a Zone Coordinator for the Puerto Rico Civil Defense Agency. On June 19, 1990, plaintiffs requested an extension of twenty days time in which to respond to the order. Twenty days later, however, plaintiffs had not replied to the court's show cause order. Accordingly, on July 13, 1990, the court dismissed plaintiffs' complaint.

On July 30, 1990, plaintiffs filed and served a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to set aside the judgment of dismissal.[2] Plaintiffs asserted that *Rutan v. Republican Party of Illinois*, — U.S. —, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990), invalidated our decision in *Jimenez Fuentes, supra*, upon which the district court relied. By order entered August 30, 1990, the district court denied plaintiffs' motion to vacate the judgment. The Court intimated that plaintiffs should present their newly-found arguments on appeal. Plaintiffs, eager to comply with the court's suggestion, appeal only the denial of their Rule 59(e) motion to vacate the judgment of dismissal.[3]

---

1. Of the District of Rhode Island, sitting by designation.

2. Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a] motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." Such a motion is appropriately directed to the trial court to correct errors of law. *Binkley Co. v. Eastern Tank, Inc.*, 831 F.2d 333, 336 n. 4 (1st Cir.1987).

3. In this case, the Rule 59(e) motion was timely, i.e., served within 10 days of the judgment,

excluding intermediate weekends and holidays as Fed.R.Civ.P. 6(a) mandates. Thus, the appeal period was tolled, and began anew from the order denying the Rule 59(e) motion. *See* Fed. R.App.P. 4(a)(4). Hence, the notice of appeal, filed on September 27, 1990, was timely as respects *both* the underlying judgment *and* the denial of the post-judgment motion. Nevertheless, in framing their notice of appeal, the appellants chose only to refer to, and appeal from, the latter order.

■ Whether to alter a judgment under Rule 59(e) of the Federal Rules of Civil Procedure is a decision entrusted to the sound judgment of the trial court. A district court's denial of a Rule 59(e) motion, although final and appealable, may be reversed only for a manifest abuse of discretion. *Appeal of Sun Pipe Line Co.*, 831 F.2d 22, 25 (1st Cir.1987), *cert. denied*, 486 U.S. 1055, 108 S.Ct. 2821, 100 L.Ed.2d 922 (1988); *Binkley Co. v. Eastern Tank Inc.*, 831 F.2d 333, 336–37 (1st Cir.1987); *Kaercher v. Trustees of Health and Hospitals of Boston*, 834 F.2d 31, 34 (1st Cir. 1987) (per curiam).

■ Plaintiffs contend in their appellate brief that the trial court incorrectly dismissed their complaint without considering *Rutan*. This question is not before us, however, because plaintiffs did not appeal from the judgment dismissing their complaint. *See* Fed.R.App.P. 3(c). In essence, plaintiffs wish to respond to the district court's order to show cause by appealing the denial of their Rule 59(e) motion. This is not permitted; an appeal from the denial of a Rule 59(e) motion is not an appeal from the underlying judgment. *Rodriguez–Antuna v. Chase Manhattan Bank Corp.*, 871 F.2d 1, 2–3 (1st Cir.1989); *Appeal of Sun Pipe Line Co., supra*, 831 F.2d at 24–25; *Pagan v. American Airlines, Inc.*, 534 F.2d 990, 992–93 (1st Cir. 1976).

■ Courts will sometimes treat a timely appeal from the denial of a timely Rule 59(e) motion as if it were an appeal from the underlying judgment where appellant's intent to appeal the judgment is clear, *see, e.g., Grubb v. FDIC*, 868 F.2d 1151, 1154 n. 4 (10th Cir.1989); *Kicklighter v. Nails by Jannee, Inc.*, 616 F.2d 734, 738–39 n. 1 (5th Cir.1980); *Simpson v. Norwesco, Inc.*, 583 F.2d 1007, 1009 n. 2 (8th Cir.1978), but here, the papers indicate that it is the denial of the Rule 59(e) motion, not the dismissal, that is at issue. If, then, the appeal concerns only the Rule 59(e) denial, the question properly before us is whether the trial court abused its discretion in denying plaintiffs' motion to vacate the judg-

ment of dismissal. Plaintiffs had a full and fair opportunity to show cause why this case should not have been dismissed. Plaintiffs confessed to us that they failed to do so because this case is factually indistinguishable from *Valentin Acevedo v. Acevedo–Ruiz*, No. 85–0819CC, slip op. (D.P.R. April 16, 1990). Most importantly, plaintiffs had a reasonable opportunity to respond to the show cause order after the Supreme Court announced its opinion in *Rutan* on June 21, 1990. This they completely failed to do in spite of the fact that on June 19, 1990, the court gave them a twenty day extension of time. *Cf. National Metal Finishing v. BarclaysAmerican/Commercial, Inc.*, 899 F.2d 119, 123 (1st Cir.1990) ("Rule 59(e) does not allow the losing party to ... raise new legal theories that should have been raised earlier"). Nonetheless, no reply was forthcoming until after the complaint was dismissed. Finally, they had time to appeal from the underlying judgment, but neglected to do so. *See supra* note 3.

In this respect, plaintiffs were afforded their day in court; they simply didn't show up. Accordingly, the trial court acted well within its discretion in denying their motion to set aside the judgment of dismissal. *See e.g., Appeal of Sun Pipe Line Co., supra*, 831 F.2d at 25–26 (different argument on motion for reconsideration); *Kaercher, supra*, 834 F.2d at 34 (dismissal for failure to prosecute); *Willens v. University of Massachusetts*, 570 F.2d 403, 406 (1st Cir.1978) (offering evidence on reconsideration that was deliberately withheld earlier); *Pagan, supra*, 534 F.2d at 991–93 (failure to respond to order).

If we were to consider this appeal as an appeal from the dismissal of the complaint itself—an appeal based upon *Rutan*—it would make no difference. The matter in question would be the proper characterization of the plaintiff's office as a "political" or a "nonpolitical" one. *Rutan*, in our view, sheds no light on this question. It dealt with other matters and made no change in relevant law.[4] In relying on

**4.** *Rutan* merely extended the existing protec-

tions from patronage-based employment deci-

*Rutan,* appellant, thus, failed to respond to the district court's request that he distinguish his position from that of the Civil Defense Agency Zone Coordinator in *Valentin Acevedo.*

For these reasons, the judgment of the district court is hereby

*Affirmed.*

sions to a new class of cases. The restrictions previously applicable only to firings were extended to denials of promotion, transfer, recall after layoff and hiring. *Rutan* did nothing to alter the standard for permissible partisan dismissals. *Rutan,* 110 S.Ct. at 2739 (citing *Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976); *Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980)).