**BASIC CONTROLEX CORPORATION, INC.; Powerline Industries Corporation, Plaintiffs, Appellants,**

v.

**KLOCKNER MOELLER CORPORATION, Defendant, Appellee.**

No. 99–1445.

United States Court of Appeals, First Circuit.

Heard Jan. 7, 2000.

Decided Feb. 7, 2000.

Rafael Baella–Silva with whom Baella–Silva Law Office was on brief for appellant.

Raúl M. Arias–Marxuach with whom Rossell M. Barrios–Amy and McConnell Valdés were on brief for appellee.

Before STAHL, Circuit Judge, CAMPBELL, Senior Circuit Judge, and LYNCH, Circuit Judge.

STAHL, Circuit Judge.

Plaintiff Basic Controlex Corporation ("Basic Controlex") appeals a judgment in favor of the defendant, Klockner Moeller Corporation ("KMC"). For the following reasons, we affirm.

## I.

### Background

On October 28, 1986, KMC and Basic Industries Company, Inc., executed a letter of intent whereby a to-be-formed company, Basic Controlex, would become the exclusive agent to sell KMC products in

**452**

Puerto Rico.[1] Although the letter of intent left open many details that the parties were to negotiate in good faith at a later date, these further negotiations never took place. Nevertheless, both parties acted upon the letter as though it constituted a binding contract.

On May 3, 1993, KMC informed Basic Controlex that it intended to sell its products through other distributors in Puerto Rico, "effective immediately." The parties dispute whether KMC actually began to do so. Although Basic Controlex took no immediate legal action in response to this letter, it did write to KMC urging it to abide by its contractual obligations. KMC responded in November 1995 by asking Basic Controlex to agree to a nonexclusive dealing arrangement and to waive any claims that it might have against KMC under either the letter of intent or Puerto Rico law. Basic Controlex refused.

Dwindling sales caused Basic Controlex to dissolve on December 13, 1995 and to sell its assets to Powerline, which assumed Basic Controlex's rights under the letter of intent as a successor-in-interest. On January 7, 1997, the two companies filed this diversity action in the United States District Court for the District of Puerto Rico, alleging violations of the Puerto Rico Dealers' Act, see P.R. Laws Ann. tit. 10, § 278 (1964) ("Act 75"), and other provisions of the Puerto Rico Civil Code ("the Code").

On September 3, 1998, the district court granted summary judgment for KMC on the grounds that Basic Controlex had failed to bring suit within the three-year statute of limitations established by Act 75. The court also concluded that, because Act 75 governed the relationship between the two companies, its three-year statute of limitations superceded the longer limitations period that otherwise would have applied to the breach of contract claim under the Code. Basic Controlex then filed a cryptic Fed.R.Civ.P. 59(e) motion to alter or amend the judgment which, even generously construed, largely reargued its summary judgment position. The court denied the motion.

## II.

■ As KMC points out in its appellate brief, Basic Controlex's notice of appeal challenged only the district court's denial of the Rule 59(e) motion. While it is true that we review the denial of such a motion only for a "manifest abuse of discretion," *Mariani–Giron v. Acevedo–Ruiz*, 945 F.2d 1, 3 (1st Cir.1991), the issues raised in both the motion and on this appeal are purely legal, to a large extent repetitive of Basic Controlex's summary judgment arguments, and unpersuasive even under a *de novo* standard of review. We thus reject them on the merits without further exploring what it might mean to manifestly abuse one's discretion in handing down a purely legal ruling.

## III.

Basic Controlex's appeal raises three issues: (1) whether the statute of limitations began to run as soon as Basic Controlex knew of KMC's detrimental acts, or only once Basic Controlex's dissolution caused the agreement to expire; (2) whether Basic Controlex's degree of knowledge was a question for the jury; and (3) whether the dismissal of Basic Controlex's breach of contract claim under the Code was erroneous.

### A.

■ Act 75 renders a supplier liable for impairing or terminating a distribution agreement without "just cause." P.R. Laws Ann. tit. 10, § 278(d) (1964). The statute imposes a three-year statute of limitations by providing that "[e]very action arising from this chapter shall prescribe in three years reckoning from the

---

1. Basic Industries Company, Inc., was in the process of acquiring Controlex Corporation to form Basic Controlex. Because Powerline In- dustries Corporation ("Powerline") later acquired Basic Controlex's assets, it has joined the suit as well.

date of the definitive termination of the dealer's contract, *or* of the performing of the detrimental acts, as the case may be." *Id.* (emphasis added). We strictly construe a statute the terms of which are clear and unambiguous. *See Pritzker v. Yari,* 42 F.3d 53, 68 (1st Cir.1994).

■ Basic Controlex contends that the statute of limitations on its Act 75 claim did not begin to run until its dissolution as a corporate entity definitively caused its agreement with KMC to expire. But as the district court properly concluded, Basic Controlex had notice of its claim as soon as KMC announced its plan to use other distributors in 1993. That announcement constituted the "performing of [a] detrimental act[ ]" under Act 75, sufficient to trigger the statute.[2]

### B.

■ We are similarly unpersuaded that a jury should have evaluated Basic Controlex's knowledge in 1993 of KMC's detrimental acts. A genuine issue of fact exists only if a reasonable jury could resolve it in favor of either party. *See Maldonado–Denis v. Castillo–Rodriguez,* 23 F.3d 576, 581 (1st Cir.1994). But summary judgment is appropriate, and a case need not go to the jury, if evidence for one side is "merely colorable, or is not significantly probative." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citations omitted).

■ On May 3, 1993, KMC expressly informed Basic Controlex of its intent to use other distributors in alleged violation of the parties' agreement. Basic Controlex recognized the detrimental effect that KMC's conduct would have on their relationship, and on October 28, 1993, Basic Controlex's president responded that the company would suffer "irreversible damage" because of KMC's "repeated and deliberate acts ... to unilaterally cancel our agreement." Although another Basic Controlex officer, Federico Bengoa, tried to present in his deposition a different version of events, he eventually acknowledged that the company knew in 1993 of KMC's intent to impair the agreement. On this undisputed evidence, the district court appropriately concluded, as a matter of law, that Basic Controlex knew of KMC's detrimental acts more than three years before it filed suit. *See Cadle Co. v. Hayes,* 116 F.3d 957, 960 (1st Cir.1997).[3]

### C.

■ With respect to Basic Controlex's Code-based contract claim, the Supreme Court of Puerto Rico has made it clear that, when faced with a conflict between provisions in a specific statute (here, Act 75) and the terms of a general law (here, Article 1864), the provisions of the specific statute prevail. *See PaineWebber Inc. v. First Boston (Puerto Rico) Inc.,* 1994 WL 909748, at *2 (P.R. June 30, 1994) (invoking the principle of *lex specialis derogat lex generali* ). Moreover, the legislature's

---

**2.** Basic Controlex alternatively asks that we certify the question raised in its first appellate issue to the Puerto Rico Supreme Court. We decline to do so for two reasons: (1) the statute is unambiguous on this issue; and (2) parties who choose to litigate state law questions in federal court under diversity jurisdiction are presumptively disallowed a second bite at the apple via the certification process. *See, e.g., Santiago v. Sherwin Williams Co.,* 3 F.3d 546, 548 (1st Cir.1993).

**3.** Basic Controlex also contends that the running of the statute of limitations should have been tolled while KMC tried to convince it that the violation of the agreement was only

temporary. *See Rodriguez–Suris v. Montesinos,* 123 F.3d 10, 22–23 (1st Cir.1997) (reversing a grant of summary judgment because there existed genuine issues of material fact as to whether the defendant sought to conceal or minimize a plaintiff's cause of action in tort). But as we explained above, Basic Controlex knew of KMC's detrimental acts and recognized their significance, even if KMC tried to downplay them. Once Basic Controlex was put on notice of the injury, the statute of limitations could not have been tolled for further "subjective appraisal or judgment." *Id.* at 13.

intent to preempt general contract principles in enacting Act 75 cannot seriously be questioned:

> The traditional provisions which regulate contracts between parties have shown their inefficacy in protecting the legitimate rights of the representative or agent, making it thus necessary to legislate in order to regulate this relationship and guarantee that manufacturers act in good faith, fairly, and not in an arbitrary manner, and to safeguard the rights and justified expectation of the representatives and agents inherent to the relationship.... This is a serious situation that we intend to remedy with the approval of this project.

*Medina & Medina v. Country Pride Foods, Ltd.*, 858 F.2d 817, 820 (1st Cir. 1988) (citing the legislative history). The question thus becomes whether Act 75 in fact governs Basic Controlex's "breach of contract" claim. Clearly it does.

■ A relationship is governed by Act 75 "irrespective[] of the manner in which the parties may call, characterize or execute such relationship," so long as the parties participate in the supply and distribution of merchandise. P.R. Laws Ann. tit. 10, § 278(b). KMC began supplying Basic Controlex with merchandise on an exclusive basis shortly after they reached their agreement in 1986. Act 75's statute of limitations therefore applied to the relationship between the parties and overrode the limitations period that otherwise might have applied.[4] *See PaineWebber*, 1994 WL 909748, at *4 (applying the specific three-year statute of limitations in Puerto Rico's Uniform Securities Act over the general fifteen-year limitations period in Article 1864).

*Affirmed.* Costs to appellee.

---

4. In light of this conclusion, we need not address whether Basic Controlex's breach of contract claim could have survived summary judgment on the merits.