<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

                United States Court of Appeals
                    For the First Circuit

No. 99-1445

              BASIC CONTROLEX CORPORATION, INC.;
              POWERLINE INDUSTRIES CORPORATION,

                    Plaintiffs, Appellants,

                               v.

                 KLOCKNER MOELLER CORPORATION,

                      Defendant, Appellee.

          APPEAL FROM THE UNITED STATES DISTRICT COURT

                FOR THE DISTRICT OF PUERTO RICO

         [Hon. Jose Antonio Fuste, U.S. District Judge]

                             Before

                     Stahl, Circuit Judge,
               Campbell, Senior Circuit Judge,
                  and Lynch, Circuit Judge.
                                
                                
                                
                                
    Rafael Baella-Silva with whom Baella-Silva Law Office was on
brief for appellant.
    Ral M. Arias-Marxuach with whom Rossell M. Barrios-Amy and
McConnell Valds were on brief for appellee.

February 7, 2000

                                
                                

 STAHL, Circuit Judge.  Plaintiff Basic Controlex
Corporation ("Basic Controlex") appeals a judgment in favor of the
defendant, Klockner Moeller Corporation ("KMC").  For the following
reasons, we affirm.
                              I.
                          Background
 On October 28, 1986, KMC and Basic Industries Company,
Inc., executed a letter of intent whereby a to-be-formed company,
Basic Controlex, would become the exclusive agent to sell KMC
products in Puerto Rico.  Although the letter of intent left open
many details that the parties were to negotiate in good faith at a
later date, these further negotiations never took place.  
Nevertheless, both parties acted upon the letter as though it
constituted a binding contract.   
 On May 3, 1993, KMC informed Basic Controlex that it
intended to sell its products through other distributors in Puerto
Rico, "effective immediately."  The parties dispute whether KMC
actually began to do so.  Although Basic Controlex took no
immediate legal action in response to this letter, it did write to
KMC urging it to abide by its contractual obligations.  KMC
responded in November 1995 by asking Basic Controlex to agree to a
nonexclusive dealing arrangement and to waive any claims that it
might have against KMC under either the letter of intent or Puerto
Rico law.  Basic Controlex refused.
 Dwindling sales caused Basic Controlex to dissolve on
December 13, 1995 and to sell its assets to Powerline, which
assumed Basic Controlex's rights under the letter of intent as a
successor-in-interest.  On January 7, 1997, the two companies filed
this diversity action in the United States District Court for the
District of Puerto Rico, alleging violations of the Puerto Rico
Dealers' Act,  see P.R. Laws Ann. tit. 10,  278 (1964) ("Act 75"),
and other provisions of the Puerto Rico Civil Code ("the Code").   
 On September 3, 1998, the district court granted summary
judgment for KMC on the grounds that Basic Controlex had failed to
bring suit within the three-year statute of limitations established
by Act 75.  The court also concluded that, because Act 75 governed
the relationship between the two companies, its three-year statute
of limitations superceded the longer limitations period that
otherwise would have applied to the breach of contract claim under
the Code.  Basic Controlex then filed a cryptic Fed. R. Civ. P.
59(e) motion to alter or amend the judgment which, even generously
construed, largely reargued its summary judgment position.  The
court denied the motion.

                             II.
 As KMC points out in its appellate brief, Basic
Controlex's notice of appeal challenged only the district court's
denial of the Rule 59(e) motion.  While it is true that we review
the denial of such a motion only for a "manifest abuse of
discretion," Mariani-Giron v. Acevedo-Ruiz, 945 F.2d 1, 3 (1st Cir.
1991), the issues raised in both the motion and on this appeal are
purely legal, to a large extent repetitive of Basic Controlex's
summary judgment arguments, and unpersuasive even under a de novo
standard of review.  We thus reject them on the merits without
further exploring what it might mean to manifestly abuse one's
discretion in handing down a purely legal ruling.   
                             III.
 Basic Controlex's appeal raises three issues: (1) whether
the statute of limitations began to run as soon as Basic Controlex
knew of KMC's detrimental acts, or only once Basic Controlex's
dissolution caused the agreement to expire; (2) whether Basic
Controlex's degree of knowledge was a question for the jury; and
(3) whether the dismissal of Basic Controlex's breach of contract
claim under the Code was erroneous.  
                              A.
 Act 75 renders a supplier liable for impairing or
terminating a distribution agreement without "just cause."  P.R.
Laws Ann. tit. 10,  278(d) (1964).  The statute imposes a three-
year statute of limitations by providing that "[e]very action
arising from this chapter shall prescribe in three years reckoning
from the date of the definitive termination of the dealer's
contract, or of the performing of the detrimental acts, as the case
may be."  Id. (emphasis added).  We strictly construe a statute the
terms of which are clear and unambiguous.  See Pritzker v. Yari, 42
F.3d 53, 68 (1st Cir. 1994).
 Basic Controlex contends that the statute of limitations
on its Act 75 claim did not begin to run until its dissolution as
a corporate entity definitively caused its agreement with KMC to
expire.  But as the district court properly concluded, Basic
Controlex had notice of its claim as soon as KMC announced its plan
to use other distributors in 1993.  That announcement constituted
the "performing of [a] detrimental act[]" under Act 75, sufficient
to trigger the statute.
                              B.
 We are similarly unpersuaded that a jury should have
evaluated Basic Controlex's knowledge in 1993 of KMC's detrimental
acts.  A genuine issue of fact exists only if a reasonable jury
could resolve it in favor of either party.  See Maldonado-Denis v.
Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994).  But summary
judgment is appropriate, and a case need not go to the jury, if
evidence for one side is "merely colorable, or is not significantly
probative."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50
(1986) (citations omitted).
 On May 3, 1993, KMC expressly informed Basic Controlex of
its intent to use other distributors in alleged violation of the
parties' agreement.  Basic Controlex recognized the detrimental
effect that KMC's conduct would have on their relationship, and on
October 28, 1993, Basic Controlex's president responded that the
company would suffer "irreversible damage" because of KMC's
"repeated and deliberate acts . . . to unilaterally cancel our
agreement."  Although another Basic Controlex officer, Federico
Bengoa, tried to present in his deposition a different version of
events, he eventually acknowledged that the company knew in 1993 of
KMC's intent to impair the agreement.  On this undisputed evidence,
the district court appropriately concluded, as a matter of law,
that Basic Controlex knew of KMC's detrimental acts more than three
years before it filed suit.  See Cadle Co. v. Hayes, 116 F.3d 957,
960 (1st Cir. 1997).  
                              C.
 With respect to Basic Controlex's Code-based contract
claim, the Supreme Court of Puerto Rico has made it clear that,
when faced with a conflict between provisions in a specific statute
(here, Act 75) and the terms of a general law (here, Article 1864),
the provisions of the specific statute prevail.  See PaineWebber
Inc. v. First Boston (Puerto Rico) Inc., 1994 WL 909748, at *2
(P.R. Offic. Trans. June 30, 1994) (invoking the principle of lex
specialis derogat lex generali).  Moreover,  the legislature's
intent to preempt general contract principles in enacting Act 75
cannot seriously be questioned:
   The traditional provisions which regulate
 contracts between parties have shown their
 inefficacy in protecting the legitimate rights
 of the representative or agent, making it thus
 necessary to legislate in order to regulate
 this relationship and guarantee that
 manufacturers act in good faith, fairly, and
 not in an arbitrary manner, and to safeguard
 the rights and justified expectation of the
 representatives and agents inherent to the
 relationship. . . . This is a serious
 situation that we intend to remedy with the
 approval of this project.
Medina & Medina v. Country Pride Foods, Ltd., 858 F.2d 817, 820
(1st Cir. 1988) (citing the legislative history).  The question
thus becomes whether Act 75 in fact governs Basic Controlex's
"breach of contract" claim.  Clearly it does.  
 A relationship is governed by Act 75 "irrespective[] of
the manner in which the parties may call, characterize or execute
such relationship," so long as the parties participate in the
supply and distribution of merchandise.  P.R. Laws Ann. tit. 10,  
278(b).  KMC began supplying Basic Controlex with merchandise on an
exclusive basis shortly after they reached their agreement in 1986.  
Act 75's statute of limitations therefore applied to the
relationship between the parties and overrode the limitations
period that otherwise might have applied.  See PaineWebber, 1994
WL 909748, at *4 (applying the specific three-year statute of
limitations in Puerto Rico's Uniform Securities Act over the
general fifteen-year limitations period in Article 1864).
 Affirmed.  Costs to appellee.

</body>

</html>