**Patricia LAMARCHE Plaintiff**

**v.**

**Daniel COSTAIN, Defendant**

**No. 02–CV–22–B–S.**

United States District Court,
D. Maine.

Oct. 7, 2002.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

---

Thomas J. Connolly, Portland, ME, for Patricia Lamarche, plaintiff.

Edward R. Benjamin, Jr., Thompson & Bowie, Portland, ME, for Daniel Costain, defendant.

## ORDER

SINGAL, District Judge.

A former gubernatorial candidate claims that a Brewer, Maine police officer employed excessive force, lacked probable cause and was motivated by impermissible considerations of gender and political affiliation when arresting her, in violation of her federal and state constitutional rights. Presently before the Court is Defendant's Motion for Summary Judgment. (Docket # 5). For the following reasons, the Court DENIES Defendant's motion.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the record developed by the parties shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). To avoid summary judgment on claims for which she bears the ultimate burden of proof, Plaintiff must "affirmatively point to specific facts that demonstrate the existence of an authentic dispute." *McCarthy v. Northwest Airlines, Inc.,* 56 F.3d 313, 315 (1st Cir.1995). A factual dispute is "genuine" or "trialworthy" "only if a reasonable jury could resolve it in favor of either party." *Basic Controlex Corp. v. Klockner Moeller Corp.,* 202 F.3d 450, 453 (1st Cir.2000). A material fact is one that has the potential to change the outcome under governing law if the dispute is resolved favorably to the nonmoving party. *Steinke v. Sungard Fin. Sys., Inc.,* 121 F.3d 763, 768 (1st Cir.1997). The Court views the record in the light most favorable to Plaintiff as the non-moving party and gives her the benefit of all reasonable inferences in her favor. *Cadle Co. v. Hayes,* 116 F.3d 957, 959 (1st Cir.1997).

## II. FACTS

The parties do not dispute that Defendant Danny Costain ("Costain") was employed as a police officer by the town of Brewer, Maine at all points relevant to this discussion. Costain, on patrol in a marked cruiser during the early morning hours of March 10, 1999, arrested Plaintiff Patricia LaMarche ("LaMarche") following a motor vehicle stop. That morning, Costain was monitoring traffic crossing the bridge into Brewer from the neighboring city of Bangor. Because many vehicles fail to stop at a blinking red traffic light located at the Brewer terminus of the bridge, Costain regularly monitors the intersection. At approximately 1:30 a.m., Costain pulled over LaMarche's vehicle for failing to stop at the light. LaMarche maintains that she came to a complete stop.

Following the stop, Costain conducted a number of field sobriety tests, ultimately resulting in LaMarche's arrest for Operating Under the Influence ("OUI"). LaMarche refused to give a breath sample, in violation of Maine's implied consent law, and was charged with OUI.

On May 20, 1999, a Maine district court suppressed LaMarche's refusal and the state subsequently dismissed the OUI charge. The Department of the Secretary of State reinstated LaMarche's operator license on June 3, 1999. Finally, on July 19, 1999, LaMarche pled no contest to the charge of failure to stop at a red light.

LaMarche filed the instant action in Cumberland County Superior Court on January 17, 2002. Costain removed the action to this Court on February 6, 2002 pursuant to 28 U.S.C. § 1446 and Federal Rule of Civil Procedure 81(c). LaMarche seeks recovery for false arrest, excessive use of force and malicious prosecution in deprivation of her constitutional rights pursuant to the Civil Rights Act, 42 U.S.C. § 1983 (1994).

## III. DISCUSSION

Section 1983 subjects individuals acting under color of state law to civil liability for infringing on the constitutional rights of a private person. 42 U.S.C. § 1983 (1994). However, the defense of qualified immunity protects state actors from liability under Section 1983 for their good faith, but nevertheless mistaken, judgments. *Hatch v. Dep't for Children, Youth and Their Families*, 274 F.3d 12, 19–20 (1st Cir. 2001). To determine whether a state official enjoys qualified immunity, a court must consider three questions in sequence: (1) whether the plaintiff's allegation, if true, establishes a constitutional violation; (2) whether the constitutional right was clearly established at the time of the alleged violation; and (3) whether an objectively reasonable official, similarly situated, would have understood the challenged conduct to violate that clearly established right. *Suboh v. Dist. Attorney's Office*, 298 F.3d 81, 90 (1st Cir.2002). If a court answers any of the inquiries in the negative, a defendant enjoys qualified immunity. *Hatch*, 274 F.3d at 20.

Plaintiff argues that she is entitled to damages under Section 1983 because Defendant's stop was not supported by reasonable suspicion in violation of the Fourth Amendment.[1] In response, Defendant contends that he is entitled to qualified immunity for his actions.

### A. Constitutional Violation

■ Because a traffic stop constitutes a seizure of a vehicle and its occupants, the Fourth Amendment requires that the stop be supported by a reasonable and articula-ble suspicion of a traffic violation. *United States v. Chhien*, 266 F.3d 1, 5–6 (1st Cir.), *cert. denied*, 534 U.S. 1150, 122 S.Ct. 1114, 151 L.Ed.2d 1008 (2002) (citing *Berkemer v. McCarty*, 468 U.S. 420, 439, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984) and *Delaware v. Prouse*, 440 U.S. 648, 653, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979)). The detention must be reasonable under the circumstances. *Id.* at 6 (citing *Whren v. United States*, 517 U.S. 806, 809–10, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996)). As a threshold matter, reasonable suspicion arises in the context of a traffic stop where the officer's actions are justified at their inception. *Id.* All subsequent reasonable suspicion and probable cause determinations by the officer must be premised on a valid stop. *Wong Sun v. United States*, 371 U.S. 471, 486, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *United States v. Scott*, 270 F.3d 30, 40 (1st Cir.), *cert. denied*, —— U.S. ——, 122 S.Ct. 1583, 152 L.Ed.2d 501 (2002) (noting that the illegality of an unconstitutional motor vehicle stop may taint a subsequent arrest).

The parties dispute whether Plaintiff did in fact come to a complete stop at the red light on the morning of March 10, 1999. Thus whether Defendant had reasonable suspicion to stop Plaintiff could be decided in favor of either party and represents a trialworthy issue. *Basic Controlex*, 202 F.3d at 453. Viewing the summary judgment record in the light most favorable to Plaintiff, the Court cannot find that Defendant possessed reasonable suspicion to stop Plaintiff's vehicle under the totality of the circumstances. Because Plaintiff has successfully questioned the validity of Defendant's stop, the ensuing OUI arrest is

---

1. Plaintiff's *nolo contendere* plea to the red light violation does not have a preclusive effect on this action. State law determines the proper application of collateral estoppel to a section 1983 action. *Bilida v. McCleod*, 211 F.3d 166, 170 (1st Cir.2000). The Maine Rules of Criminal Procedure mandate that a "plea of nolo contendere is not admissible in any civil or criminal proceedings against the person who made the plea." *See* Me. R.Crim. Proc. 11A(g).

placed on equally unsure constitutional footing. *See Scott,* 270 F.3d at 40. As a result, Plaintiff has alleged sufficient facts to state a constitutional violation of her Fourth Amendment right to be free from unreasonable seizure. *See Suboh,* 298 F.3d at 90.

B. Clearly Established Constitutional Right

 Qualified immunity analysis requires the Court to next examine whether Plaintiff's constitutional right was clearly established at the time of the alleged violation. At the time of Plaintiff's arrest, Maine law required that a police officer have "reasonable and articulable suspicion to believe that a violation of law has taken or is taking place" before stopping a motor vehicle for a traffic infraction. 29–A M.R.S.A. § 105(1)(B) (1996). A traffic stop is supported by sufficient specific and articulable facts where the officer observed the traffic infraction. *See State v. Bolduc,* 722 A.2d 44, 45 (Me.1998) (finding a speeding infraction to constitute an articulable fact warranting an investigatory motor vehicle stop). Because Defendant maintains that Plaintiff committed a traffic infraction under Maine law by failing to stop at a red light, § 103(1), § 2057(1)(C), controlling statutory and case law put Defendant on notice of Plaintiff's right to be free from detention absent reasonable suspicion of wrongdoing. *See Suboh,* 298 F.3d at 90.

C. Objectively Reasonable Officer

The Court moves on to consider whether an objectively reasonable officer in Defendant's position would have understood stopping Plaintiff to violate her rights. Assuming, as the Court must, that Plaintiff came to a complete stop at the red light, it would appear unreasonable to an objective officer monitoring the light to then pull Plaintiff over for failing to stop. No inves-

tigatory stop could be considered reasonable stripped of its underlying factual predicate. Consequently, a reasonable officer under the circumstances would not have mistakenly understood the challenged stop to be constitutional.

On these contested facts, the Court finds that Plaintiff's Fourth Amendment unreasonable stop claim presents a trialworthy issue and declines to address Defendant's request for summary judgment on Plaintiff's remaining claims at this time.

IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion.

SO ORDERED.