**MATOSANTOS COMMERCIAL CORPORATION,**
Plaintiff(s)

v.

**SCA TISSUE NORTH AMERICA, LLC, Defendant(s).**

**Civil No. 02–2661 (JAG).**

United States District Court, D. Puerto Rico.

Aug. 9, 2004.

256

Raul M. Arias–Marxuach, McConnell Valdes, San Juan, PR, Angel Castillo, Jr., Morgan, Lewis & Bockius LLP, Miami, FL, Alberto R. Estrella–Arteaga, Curbelo, Baerga & Quintana Law Office, Henry O. Freese–Souffront, Gilberto J. Marxuach–

Torros, McConnell Valdes, San Juan, PR, for Defendant.

Carlos Lugo–Fiol, Lino J. Saldana, Hector Saldana–Egozcue, Saldana, Saldana–Egozcue & Vallecillo, PSC, Santurce, PR, for Plaintiff.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On March 4, 2003, plaintiff Matosantos Commercial Corporation ("MCC") filed an Amended Complaint asserting two causes of action: (1) for breach of a distributorship agreement pursuant to Puerto Rico Dealer's Act, P.R. Laws Ann. 10 §§ 278(e) ("Act 75"), and (2) for damages arising from a cause of action for breach of contract under Articles 1054 and 1059 of the Puerto Rico Civil Code, P.R. Laws Ann. 31 §§ 3018 and 3023 against defendant SCA Tissue NA, LLC ("SCA")(Docket No. 8).

On May 28, 2004, SCA filed a Motion for Summary Judgment and a Statement of Uncontroverted Material Facts, arguing that MCC's claims are time-barred (Docket Nos. 69 and 70). On June 18, 2004, MCC filed an Opposition to the Motion for Summary Judgment and a Memorandum in Support of Opposition to Motion for Summary Judgment (Docket Nos. 80 and 81). For the reasons discussed below the Court **DENIES** the defendant's motion for summary judgment.

## FACTUAL BACKGROUND

In 1975, Georgia–Pacific Corporation ("GPC") induced MCC to purchase the only other distributor of GPC's commercial "away from home" tissue products (the "Product") in Puerto Rico. Thus, MCC became GPC's sole and exclusive distributor in Puerto Rico. As GPC's exclusive distributor in Puerto Rico, MCC created a favorable market for GPC products within Puerto Rico through marketing and promotional endeavors. In 1994, GPC established a price zone and implemented an allowance program to protect MCC's exclusivity.

On October 4, 1999, GPC signed a joint venture agreement ("JVA") with Chesapeake Corporation to form defendant Georgia Pacific Tissue, a.k.a. SCA Tissue. In signing the JVA, GPC assigned to SCA all rights and responsibilities of its commercial "away from home" tissue products business, including all obligations owed to MCC.[1]

On November 12, 1999, SCA Assistant Secretary Emily K. Breslin sent a letter to MCC, assuring it that the merger would not impact the relationship between SCA and MCC (Docket 82, Exhibit A). On January 12, 2000, SCA officers, Chris Jones and Fred Guaraldo met with the plaintiff and informed MCC that they should expect no change in the relationship between the parties (*Id.*, Exhibits B and D). Approximately one year after the JVA, SCA completely integrated the commercial "away from home" product lines of the previously independent companies (Docket No. 82). In 2000, SCA began selling the Product to MCC's customers and to MCC's direct competitor, Melissa Sales Corporation ("Melissa") (*Id.*).

## DISCUSSION

A. *Summary Judgment Standard*

The court's discretion to grant summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 states, in pertinent part, that the court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together

---

1. The relevant facts up to this point are taken from the Amended Complaint (Docket No. 8).

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); *See also Santiago–Ramos v. Centennial P.R. Wireless Corp.,* 217 F.3d 46, 52. (1st Cir.2000).

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." *See* Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once a properly supported motion has been presented before the court, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant the court's denial of the motion for summary judgment. For issues where the opposing party bears the ultimate burden of proof, that party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. *See Suarez v. Pueblo Int'l, Inc.,* 229 F.3d 49 (1st Cir. 2000).

In order for a factual controversy to prevent summary judgment, the contested facts must be "material" and the dispute must be "genuine." "Material" means that a contested fact has the potential to change the outcome of the suit under governing law. The issue is "genuine" when a reasonable jury could return a verdict for the nonmoving party based on the evidence. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). It is well-settled that "[t]he mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment."

*Id.* at 252. It is therefore necessary that "a party opposing summary judgment must present definite, competent evidence to rebut the motion." *Maldonado–Denis v. Castillo–Rodriguez,* 23 F.3d 576, 581 (1st Cir.1994).

In making this assessment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." *Griggs–Ryan v. Smith,* 904 F.2d 112, 115 (1st Cir.1990). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Medina–Munoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990).

B. *Statute of Limitations*

SCA moves for summary judgment on the grounds that the statute of limitations bars MCC's Act 75 and Puerto Rico Civil Code-based breach of contract claims. The defendant contends that the joint venture agreement between GPC and Chesapeake Corporation, signed on October 4, 1999, signaled the beginning of the statutory period. Meanwhile, the plaintiff asserts that no injury occurred until SCA began selling its products to Melissa or MCC's customers. Thus, MCC argues that summary judgment is inappropriate because the parties have not yet established the dates on which the injurious events occurred, thereby leaving crucial factual issues for trial.

1. *Act 75 Claim*

 The defendant contends that MCC's Act 75 claim is time-barred. When hearing a diversity case, a federal court generally applies the statute of limitations that the forum state would apply. *Stanley v. CF–VH Assoc. Inc.,* 956 F.Supp. 55, 57 (D.Mass.1997). The statute of limitations for Act 75 claims is "three years reckoning

from the date of the definite termination of the dealer's contract, or of the detrimental acts." P.R. Laws Ann. 10 § 278(d).

A party may exercise the right to enjoy the protection of a statute of limitations, but only insofar as its invocation of the right accords with good faith requirements and does not amount to "the abuse of a right or its antisocial exercise." *Soriano Tavarez v. Rivera Anaya*, 108 D.P.R. 663, 667–668 (1979). To allow the statute of limitations defense when one party has knowingly induced the other party to rely on false promises would violate the doctrine of abuse of right. *Velilla v. Pueblo Supermarkets, Inc.*, 111 D.P.R. 585, 588 (1981)(*citing Soriano Tavarez*, 108 D.P.R. at 663 (1979)).

Conduct wherein one party makes representations to the other party to induce reliance throughout the statute of limitations "amounts to a waiver of the defense of limitation of actions." *Velilla*, 111 D.P.R. at 588 (*citing Lausell Marxuach v. Diaz De Yanez*, 103 D.P.R. 533, 537–538 (1975)). A defendant waives its claim to the statute of limitations defense when it beguiles the plaintiff by making representations throughout the statutory period. *Deisenroth v. Numonics Corporation*, 997 F.Supp. 153, 157 (D.Mass.1998).

The record contains several instances wherein the defendant may have intentionally induced the plaintiff to rely upon representations that the JVA would not change the parties' relationship. On November 12, 1999, SCA's agent, Emily K. Breslin, Assistant Secretary of GP Tissue, LLC, sent a letter to MCC in which she assured the plaintiff that SCA would operate GPC's business "in the ordinary course consistent with all of the terms of the Agreement" with MCC (Docket 82, Exhibit A). On January 12, 2000, SCA officers, Chris Jones and Fred Guaraldo met with MCC and informed them that they expect-

ed no change in the relationship between the parties (*Id.*, Exhibits B and D).

Viewing the evidence in the light most favorable to the plaintiff, the defendant's actions may amount to a waiver of its right to the statute of limitations defense and/or may preclude the defense under the doctrine of equitable estoppel. Whether these acts are conclusive of bad faith or an intent to induce the plaintiff's reliance throughout the statutory period are triable issues of fact. The resolution of these factual issues lies at the heart of this Court's ability to ascertain whether the defendant's conduct following the JVA precludes its invocation of the statute of limitations defense. The resolution of factual issues is a jury function. Therefore, the Court denies the defendant's motion for summary judgment as it pertains to the Act 75 claim.

2. *Puerto Rico Civil Code–Based Breach of Contract Claim*

Both parties agree that the discussion of MCC's Act 75 claim applies equally to the contract action. Act 75's three-year statute of limitations preempts the fifteen-year statutory period that applies to breach of contract actions under the Puerto Rico Civil Code. *Basic Controlex Corp., Inc. v. Klockner Moeller Corp.*, 202 F.3d 450, 454 (1st Cir.2000). When faced with a contradiction between the requirements of a specific statute and the terms of a general law, "the provisions of the specific statute govern." *Id.* Therefore, the above findings regarding the statute of limitations and summary judgment of the Act 75 claim apply equally to MCC's breach of contract action. Accordingly, the Court denies the defendant's request for summary judgement of MCC's Puerto Rico Civil Code-based breach of contract action.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** defendant SCA Tissue's Motion for Summary Judgment.

IT IS SO ORDERED.