**Efrain MARTINEZ CLASS,
Plaintiff, Appellant,**

v.

**CARIBE HILTON HOTEL and Union
Gastronomica, Local 610,
Defendants, Appellees.**

No. 85–1460.

United States Court of Appeals,
First Circuit.

Argued Dec. 2, 1985.

Decided Feb. 14, 1986.

Amaury Llorens-Balzac, with whom Peter John Porrata, Old San Juan, P.R., were on brief, for plaintiff, appellant.

Howard Pravda, Hato Rey, P.R., with whom Francisco Aponte Perez, Santurce, P.R., were on brief, for defendants, appellees.

Before COFFIN, BOWNES, and TORRUELLA, Circuit Judges.

PER CURIAM.

Appellants appeal from a judgment on May 9, 1985 dismissing their complaint for lack of diligent prosecution in totally disregarding motions to dismiss and/or summary judgment filed by appellees on November 27 and December 7, 1984.

Rule 313.1(B) of the District Court for the District of Puerto Rico provides that cases are subject to dismissal where "No substantial proceedings of record have been taken for a term of six (6) months as shown by the record docket." "Substantial proceedings" include, inter alia, dispositive motions. Motions to dismiss and for summary judgment are indisputably dispositive motions.

On the face of the court's order, therefore, it is evident that six months had not transpired between November 27, 1984 and May 9, 1985. Appellants, having totally overlooked Rule 313.1(B) in their motion to reconsider below, now assert it. We have every confidence that the district

judge would have corrected the order if this ground had been brought to her attention. Yet the clarity of the local rule and the reliance placed upon it by the practicing bar requires that it be adhered to.

We can well understand the frustration experienced by the court in dealing with plaintiffs who simply failed to respond at all to motions filed over five months in the past. Indeed local Rule 311.9 gave the court power, when no response to the motions was filed within ten days, to decide the motions without a hearing. But that was not the route taken. Appellees invoke the power of a federal court to dismiss an action for failure to prosecute under Fed.R. Civ.P.Rule 41. This rule admittedly gives wide discretionary powers to a district court in absence of any more restrictive rule. But where a court has adopted a clearcut local rule effectively proscribing dismissal when certain substantial proceedings have taken place within a six month period, elemental fairness will foreclose resort to the more general discretionary rule.

*The judgment is reversed and the cause remanded to the district court for further proceedings.*

*No costs.*