**FUNDACION ARQUEOLOGICA, Antropologica E Historica De Puerto Rico, Inc., Plaintiff,**

v.

**CONSTRUCTORA SANTIAGO, INC., Ing. R.S. Lluch, Director, the U.S. Army Corps of Engineers, San Juan Office; Ing. Martin, Project Director, U.S. Army Corps of Engineers; OSM Archaeological Consultants, Inc., Defendants.**

Civ. No. 85–0885 (JAF).

United States District Court, D. Puerto Rico.

July 15, 1986.

Wilfredo A. Géigel, Santurce, P.R., for plaintiff.

Daniel F. López Romo, U.S. Atty., Francisco A. Besosa, Asst. U.S. Atty., Hato Rey, P.R., for defendants.

**ORDER**

FUSTE, District Judge.

Plaintiff filed this action seeking injunctive relief and money damages' award against United States Government officials, Constructora Santiago, Inc., and OSM Archaeological Consultants, Inc. It is alleged that the defendants acted concertedly to deprive plaintiff of a contractual right acquired under a proper bid to perform certain restoration works in Old San Juan.

Defendants Eng. R.S. Lluch and Eng. A. Martin, Director and Project Director, respectively, Army Corps of Engineers, Puerto Rico, were served in their personal capacity with a copy of the complaint and summons, notwithstanding the fact that the complaint named them in their official capacity. Said parties failed to appear, and default was entered. Thereafter, plaintiff requested a trial on default. This was denied by Judge Carmen Consuelo Cerezo. Thereafter, plaintiff took no action to move

its case to conclusion. On April 30, 1986, this case assigned to our docket. We ordered the Clerk to notify the U.S. Attorney's Office of the fact that the default of the Army Corps of Engineers had been entered. We requested an explanation for the government's inaction. As a result thereof, the government codefendants filed, on May 12, 1986, a motion to dismiss. No opposition appears on record. We took the matter under advisement. Fed. R. Civ. P. 12(b); *Martinez Class v. Caribe Hilton Hotel*, 784 F.2d 12, 15 (1st Cir.1986).

Defendants Eng. R.S. Lluch and Eng. A. Martin, Director and Project Director, respectively, Army Corps of Engineers, Puerto Rico, request that we dismiss the action against them, since they are being sued in their official capacity. They claim that service of process has not been properly made. The file shows that summons were served in violation of the requirements of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(d)(5).

Plaintiff has claimed jurisdiction under 28 U.S.C. Sec. 1346, (United States as defendant). Its intention as stated in the averments of the complaint is to sue the Army Corps of Engineers and Messrs. Lluch and Martin in their official capacities. Fed. R. Civ. P. 4(d)(5) establishes that to acquire jurisdiction over an officer or agency of the United States, the complaint and summons *must be served on the United States.* In addition, copy of the summons and of the complaint must be sent by registered or certified mail to such officer or agency. An examination of the file of this cause shows that service of summons was improper. The entry of default is **VACATED** and the service of summons is **QUASHED.**

The government defendants further raise the issue of lack of subject matter jurisdiction. The complaint, as it reads, could only be sustained if the United States was a proper party to this suit. The pleadings, read in the light most favorable to plaintiff, *Williamson v. Tucker*, 645 F.2d 404, 416 (5th Cir.1981), fail to establish this prerequisite. The case is **DISMISSED** for lack of

proper service of summons within the term prescribed under Fed. R. Civ. P. 4(j), *see, U.S. ex rel. De Loss v. Kenner General*, 764 F.2d 707 (9th Cir.1985), and for lack of subject matter jurisdiction.

IT IS SO ORDERED.