952 F.2d 405
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Richard M. BOALBEY, Plaintiff/Appellant,
v.
CITY OF ROCK ISLAND, MEMBERS OF THE CITY COUNCIL, City of
Rock Island Illinois and City Manager, City of
Rock Island Illinois, et al.,
Defendants-Appellees.
 No. 90-3399.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 3, 1991.*
Decided Jan. 10, 1992.
Rehearing Denied Jan. 31, 1992.
 
 Before HARLINGTON WOOD, JR., and FLAUM, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 On March 19, 1990, Richard Boalbey filed his civil rights complaint in the Central District of Illinois. Two months later Boalbey filed a motion for change of venue, which the district court denied on August 29, 1990. In its order, the district court also noted that Boalbey had not responded to five defense motions, filed between May and June[1], within fourteen days as required by Local Rule 16(b).[2] Consequently, the district court ordered Boalbey to show cause as to why his case should not be dismissed for lack of prosecution.
 
 
 2
 After reviewing Boalbey's response to the order to show cause and finding that he did not intend to respond to the five pending defense motions, the district court dismissed Boalbey's case with prejudice for lack of prosecution. Boalbey appeals the district court's dismissal of his civil rights suit and the denial of his motion to change venue.[3] We affirm.
 
 
 3
 Initially, we note that Boalbey's assertion that the district court erred in denying his request for a change of venue is wholly without merit. Boalbey presents no evidence to support his accusation that the district court was prejudiced against him.
 
 
 4
 Next, we address the dismissal of Boalbey's case. The district court's order states that "[s]ince the Plaintiff has not properly responded to the pending Motions and clearly does not intend to respond, this court orders that this case is dismissed with prejudice for lack of prosecution." Thus, the district court relied on its inherent power to control its own docket to dismiss Boalbey's case. Cf. Chambers v. NASCO, Inc., --- U.S. ----, 111 S.Ct. 2123, 2126 (1991) ("[i]n invoking the inherent power to punish conduct which abuses the judicial process, a court must exercise discretion in fashioning an appropriate sanction, which may range from dismissal of a lawsuit to an assessment of attorney's fees"). Boalbey advances no argument with respect to whether the circumstances of his case justified dismissal for failure to prosecute.[4] Instead, Boalbey contends that the district court lacked jurisdiction to enter such a dismissal. He argues that Local Rule 16(b) proscribes dismissal of his case for failure to prosecute because it requires that the district court deem any unopposed motions conceded.
 
 
 5
 This contention is without merit. According to Local Rule 16(b) if the party opposing a motion does not file a memorandum of law in opposition to the motion within the prescribed time limit "the Court will presume there is no opposition and may rule on the motion without further notice." (emphasis supplied). The non-mandatory language of Local Rule 16(b) clearly indicates that the district court is not required to, but may rule on uncontested motions without a hearing. Thus, Local Rule 16(b) does not displace the district court's inherent power to dismiss Boalbey's case as a sanction for failure to prosecute. See Chambers, --- U.S. at ----, 111 S.Ct. at 2126 ("the court may safely rely on its inherent power if, in its informed discretion, neither the statutes nor the rules are up to task"). But compare Martinez Class v. Caribe Hilton Hotel, 784 F.2d 12, 13 (1st. Cir.1986) (local rule restricting sanction of dismissal to cases where no substantial proceedings have taken place within a six-month period foreclosed district court's resort to Fed.R.Civ.P. 41(b) as support for its dismissal for lack of prosecution).
 
 
 6
 For the reasons stated herein, the district court's judgment is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Defendant Community Caring filed motions to dismiss, to quash service and for a more definite statement. Defendant City of Rock Island filed a motion for a more definite statement. Defendant J.M. Hanson filed a motion for summary judgment
 
 
 [2]
 In pertinent part, Local Rule 16(b) provides that "any party opposing the motion shall file a memorandum of law in opposition to the motion within fourteen calendar days after service of the motion and memorandum, unless the time is extended by the Court for good cause shown."
 
 
 [3]
 The "Motion To Adopt The Brief Of Co-defendants" filed by defendant Community Caring Conference and individual members of Community Caring Conference is granted
 
 
 [4]
 Because neither party addresses whether or not the district court abused its discretion by dismissing Boalbey's case, we do not reach this issue