**Not for Publication in West's Federal Reporter -
Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

No. 02-2193

ANGEL VICENTE ALÉN-GUITIÉRREZ, et al.,

Plaintiffs, Appellants,

v.

LUIS ACEVEDO-MIRANDA, et al.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. Garcia-Gregory, U.S. District Judge]

Before

Lynch, Circuit Judge,
Coffin and Porfilio,[*] Senior Circuit Judges.

Maximilliano Trujillo-Gonzales for Plaintiffs - Appellants.
Roberto J. Sánchez-Ramos, Solicitor General, Vanesa Lugo-Flores, Deputy Solicitor General, Leticia Casalduc-Rabell, Assistant Solicitor General, Dennis J. Cruz Pérez for Defendants - Appellees.

June 12, 2003

---

[*]Of the Tenth Circuit, sitting by designation.

**PORFILIO, <u>Senior Circuit Judge</u>**.  Plaintiffs instituted this action under 42 U.S.C. § 1983 to redress an array of alleged violations of their civil rights arising from an arrest for shoplifting.  Five years later, the district court dismissed the case for lack of prosecution under Fed. R. Civ. P. 41(b), a sanction Plaintiffs here challenge.  Because the record fully justifies dismissal, we conclude the district court did not abuse its discretion.

After the complaint was filed on December 30, 1997, the docket sheet reveals a series of motions triggering various orders then issued by United States District Judge Salvador E. Casellas.  On September 30, 1999, Judge Casellas partially granted a motion to dismiss, eliminating certain defendants and substantive claims. Six months later, the district court permitted an extension of time to complete discovery and "admonished" the parties that "no further extensions will be granted."[1]  On August 10, 2000, the case was

---

[1]The March 7, 2000 order implicitly overlooked a pattern of delays.  The district court chronicled a July 6, 1998 case management order setting a deadline of February 11, 1999 to complete discovery, and the untimely response to its January 5, 2000 order for a joint proposed pre-trial order.  The court observed,

> All of the above has caused undue delays and prejudice to the Court.  The Parties are instructed to be diligent in conducting discovery in this case.  The discovery deadline [February 11, 1999] is hereby extended as requested until June 30, 2000.  However, all discovery must be finished by then.  The Court *admonishes* the parties that no further extensions will be granted regarding this issue.

(continued...)

transferred to United States District Judge Jay A. Garcia-Gregory. On January 4, 2001, Judge Garcia-Gregory ordered the parties to answer a questionnaire within 15 days. Plaintiffs did not respond.

On July 2, 2002, the district court ordered Plaintiffs to show cause why the case should not be dismissed for want of prosecution, noting the absence of any docket entries from them since July 31, 2000. The court set a July 9, 2002 deadline. Plaintiffs filed a response on July 10, 2002, one day late.

In its July 11, 2002 order, the district court predicated dismissal on Rule 41(b), which warrants the sanction "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court," and cited First Circuit precedent upholding such dismissals for "extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, or contumacious conduct." See, e.g., Benjamin v. Aroostook Med. Ctr., Inc., 57 F.3d 101, 108 (1st 1995). The court documented Plaintiffs' extended inactivity, noted it was neither explained nor

[1](...continued)
(emphasis added). Despite this warning, Plaintiffs' inactivity continued.

-3-

excused in their untimely response,[2] and *sua sponte* dismissed the case in its entirety.

Plaintiffs now contend the district court abused its discretion, characterizing the dismissal as drastic and draconian, a harsh alternative when the case had "progressed along" and appropriate alternatives like warnings or economic sanctions were available. They rely on Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 4 (1st Cir. 2002), which instructed a reviewing court to "balance the trial court's authority to impose such a sanction against the obvious policy considerations that favor disposition of cases on the merits." According to Plaintiffs, that balancing, tipped by the presence of certain Plaintiffs, who are minors "entitled to special attention by the State," demands a remand "for continuation of the proceedings *a quo*."

---

[2]The district court rejected Plaintiffs' proffered explanation: counsel was out of the jurisdiction when the order to show cause arrived, excusing his filing a day late; the case stalled after it was referred to a "newly appointed judge;" "due to an interruption in the proceedings of the bankruptcy case of co-plaintiffs Juan Carlos Arias and Josefina Laura Gonzalez, no action was taken;" counsel for several defendants and the attorney for the Commonwealth Department of Justice resigned, precipitating a delay while a replacement was selected; and counsel "lost adequate track of the present case, due to other professional taks [sic]." The district court also noted Plaintiffs' proposed pre-trial order, filed on July 31, 2000, was actually filed by defendant Amigo Supermarket to comply with the court's order to file a joint proposed pre-trial order.

The record defies Plaintiffs' gloss. Indeed, <u>Chamorro</u> demands we reject it. There, under similar though less egregious facts,[3] we catalogued the "protracted foot-dragging to defiance of court orders to ignoring warnings," <u>id</u>., all present in this case, and concluded the justifications, rationalizations, and pleas for "a sympathetic ear to the importunings of those who claim that a trial judge abused his [] discretion by dismissing a case for want of prosecution," were outweighed by the court's authority to impose the sanction. <u>Id</u>. at 6. The "bedrock" for that conclusion persists: "the effective administration of justice requires that trial courts possess the capability to manage their own affairs." <u>Id</u>. (citing <u>Chambers</u> v. <u>NASCO, Inc.</u>, 501 U.S. 32, 43 (1991)).

Because the record here also reflects a virtual absence of prosecution and Plaintiffs' flagrant disregard of court orders, the district court properly exercised its discretion under Rule 41(b).

**Affirmed.**

---

[3]In <u>Chamorro</u>, plaintiff filed an employment discrimination action on October 8, 1999. <u>Chamorro</u> v. <u>Puerto Rican Cars, Inc.</u>, 304 F.3d 1 (1st Cir. 2002). After a year of inactivity, the court instructed the parties to explain how they intended to proceed in diligently prosecuting the case. Plaintiff ignored the order, and the district court dismissed the action with prejudice under Rule 41(b) on October 18, 2001. We held the dismissal was not an abuse of discretion. Comparing the two cases in time span alone, the five years of inactivity here dwarfs the two years of Chamorro's dallying.