Mitchell A. Skrizowski v. USA       CV-02-426-JM  06/27/03  P

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**

Mitchell A. Skrizowski

    v.                                    Civil No. 02-426-JM
                                          Opinion No. 2003 DNH 224
United States of America

**O R D E R**

Defendant moves to dismiss this action on the basis that plaintiff lacks standing to contest the filing of the nominee lien and that, if he has standing, he cannot show an abuse of discretion in the rendering of the administrative decision sought to be reviewed.  Finding that plaintiff lacks standing, the court has no subject matter jurisdiction to consider the abuse of discretion issues.

Background

Plaintiff had tax deficiencies assessed by examination in 1980, 1987 and 1988.  His 1989 tax deficiency was assessed on the basis of a return he filed on which he now claims that the stated $5,000,000.00 income figure was a fiction.  He also had a small ($72) unpaid tax in 1992.  Finally, he was assessed as a responsible person for a corporate tax liability for the March 31, 1990 period ($160,782.81).  Only the latter underlies this

appeal, as the income tax appeals are pending before the Tax Court.

In early 2000, plaintiff submitted an Offer in Compromise of $5,000.00 for all liabilities. The offer examiner determined that three trusts and a corporation were plaintiff's nominee used to shelter funds of his from creditors. The IRS filed four lien notices on the trusts and corporation in the amount of $6,143,276.23. Notice was provided to plaintiff who timely filed a "Request for a Collection Due Process Hearing" as to the filed Notice of Federal Tax Lien. Plaintiff disputed the examiner's findings that the trusts and corporation were his nominees or alter egos. The sole remedy sought in the complaint in this action is an order to release these liens on real estate of third parties. The Determination Summary stated that:

> The nominee Notice of Federal Tax Liens filed on or about April 9, 2001 will remain in full force and effect until satisfied or unenforceable by law.

The government asserts that plaintiff lacks standing because if the trusts and corporation are not the plaintiff's nominees or alter ego, as he says, then the liens attach to nothing, and do no injury to him. Therefore, there is no case - or - controversy. In response, plaintiff argues that he is injured

2

not by the filing of the liens but by decisions taken in reliance upon the filings.

## Standard of Review

A motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) challenges the statutory or constitutional power of the court to adjudicate a particular case. 2 James Wm. Moore et al., Moore's Federal Practice § 12.30[1](3d ed. 1997). The party seeking to invoke the court's jurisdiction bears the burden of establishing by competent proof that jurisdiction exists. See Coventry Sewage Assocs. v. Dworkin Realty Co., 71 F.3d 1, 4 (1st Cir. 1995). The court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff. See Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995). "[The] plaintiff, however, may not rest merely on unsupported conclusions or interpretations of law." Id. (internal quotations marks omitted). When ruling on a Rule 12(b)(1) motion, the court may consider whatever evidence has been submitted in the case, including affidavits and exhibits. See Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996).

## Discussion

Federal courts can hear only a justiciable case or controversy. U.S. Const. Art. III. The "irreducible constitutional minimum of standing" consists of three requirements: (i) the plaintiff must have suffered an "injury in fact;" (ii) the cause of the alleged injury must be "fairly . . . traceable" to the defendant; and (iii) the injury must be "redress[able] by a favorable decision." Bennett v. Spear, 520 U.S. 154, 167 (1997)(quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).

To satisfy the Constitution's injury-in-fact requirement, a plaintiff must demonstrate the deprivation of a: (i) "legally protected interest," (ii) that is "concrete" and "particularized" in the sense that the alleged injury must affect the plaintiff in a "personal and individual way," and that is (iii) either "actual" or "imminent." Defenders of Wildlife, 504 U.S. at 560-61 & n.1. Where prospective relief is sought plaintiff must allege facts showing that the "injury is certainly impending," Adarand Constructors, Inc. v. Pena, 515 U.S. 200, 211 (1995) (quoting Defenders of Wildlife, 504 U.S. at 565 n.2) (internal quotation marks omitted), such that there is "a sufficient

4

likelihood that he will again be wronged," <u>Lyons</u>, 461 U.S. at 111; <u>see</u> <u>Berner v. Delahanty</u>, 129 F.3d 20, 24 (1st Cir. 1997).

The plaintiff bears the burden of satisfying these requirements. <u>See</u> <u>Berner</u>, 129 F.3d at 24. He must provide factual allegations, either direct or inferential, concerning each of the standing requirements. <u>See</u> <u>DuBois v. United States Dept. of Agriculture</u>, 102 F.3d 1273, 1281 (1st Cir. 1996). "At the pleading stage, [however,] general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." <u>Id</u>. at 1281-82 (internal quotation marks and citations omitted).

In an effort to demonstrate an injury-in-fact, plaintiff defines the "injury" in his objection to the motion to dismiss as follows:

> Plaintiff filed an Offer in Compromise with the IRS to settle his debt. According to the limited information provided by the IRS, the reason the offer was rejected was because plaintiff's collection potential was higher than the amount offered by plaintiff . . . it can be assumed that the liens caused the rejection of plaintiff's offer as the properties owned by the entities were considered as part of a reasonable offer.

Plaintiff's Objection to Motion to Dismiss, pp. 5-6.

5

The complaint does not contain any specific allegation that the filing of the notice of liens caused the rejection of plaintiff's offer in compromise or injury. However, liberally and generously construing the complaint an inference can be drawn from paragraphs 6.c. and 6.d. that the nominee liens were erroneously determined based upon "express control" and that the notice of lien determination led to the rejection of the plaintiff's offer because more information was necessary.

In his "Response" the injury is stated as the actions (denial of compromise/demand for more information) "taken by the Internal Revenue Service, which were based on its assumption that the filing of the Notice of Federal Tax Liens is valid." Document no. 10. The plaintiff must show that the denial of the compromise is an "injury in fact to a cognizable interest" which is "(a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." Donahue v. City of Boston, 304 F.3d 110, 115 (1st Cir. 2002). The plaintiff must also show a causal connection between the denial of the compromise and the notice of lien and that the "injury will be redressed by a favorable decision." Id.

The favorable decision sought here is "to release the liens

6

recorded upon the real estate of third parties' entities." Complaint, p.3. Plaintiff has not, and cannot, show that the release of the liens would result in the acceptance of his compromise offer. The plaintiff has not pled and cannot show that the IRS would change its belief that the trusts and corporation were plaintiff's alter ego simply because the notice of liens were released. The plaintiff's injury is not redressable by an order to release the liens. In fact, the plaintiff has acknowledged in his objection that he is speculating as to the relationship between rejection of the compromise and the existence of the liens (". . . it can be assumed that the liens caused the rejection of plaintiff's offer . . ."). Document no. 8, pp. 5-6.

Plaintiff's inability to plead or point to an injury to a cognizable interest which is concrete or actual is fatal to plaintiff's standing argument. Plaintiff asserts that he has no property interest in the trusts or corporate property so placing a lien on the property of those entities cannot serve as the plaintiff's "cognizable interest". Furthermore, he cannot show, and has not pled any facts to demonstrate, that he has any legal right to have his $5,000 compromise offer accepted even if the

7

notice of liens are released.  Acceptance of any compromise offer is within the discretion of the Internal Revenue Service.  Op. Att'y Gen. 6, 1934-2CB442; Treas. Reg. § 301-7122-1(a)(1).  There is no appeal to any court as to the exercise of that discretion. Without some property, legal or constitutional right to acceptance or even consideration of his compromise offer, plaintiff simply has no cognizable interest.

Plaintiff lacks standing.  The defendant's motion to dismiss (document no. 7) is granted.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: June 27, 2003

cc:   Elizabeth M. Lorsback, Esq.
      Thomas P. Cole, Esq.

8