Pablo R. CASTRODAD–SOTO,
Plaintiff, Appellant,

Maribel R. Gonzalez–Martinez,
et al., Plaintiffs,

v.

Hector RIVERA–SANCHEZ, et
al., Defendants, Appellees,

The Commonwealth of Puerto
Rico, et al., Defendants.

No. 03–1402.

United States Court of Appeals,
First Circuit.

June 21, 2004.

Pablo R. Castrodad on brief pro se.

Francisco Rios–Rivera and Llovet Zuri-
naga & Lopez, P.S.C. on brief for appel-
lees.

Before TORRUELLA, LIPEZ and
HOWARD, Circuit Judges.

PER CURIAM.

*Pro se* plaintiff-appellant Pablo R. Cas-
trodad–Soto ("Castrodad") appeals from
the district court's dismissal of his 42
U.S.C. § 1983 action for failure to comply
with a court order. We review such a
dismissal for an abuse of discretion. *Batiz
Chamorro v. Puerto Rican Cars, Inc.*, 304
F.3d 1, 4 (1st Cir.2002). After reviewing
the parties' briefs and the record, we *af-*

*firm* the dismissal of the present suit. We briefly address Castrodad's arguments.[1]

The judgment of the district court is summarily *affirmed.* *See* 1st Cir. R. 27(c).

Castrodad argues that the district court erred by dismissing his action without first considering the unethical and negligent behavior of his prior counsel. This argument has no merit. The district court correctly ruled that it was not the proper forum to address Castrodad's complaints. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 634 n. 10, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (noting that remedy for counsel's alleged negligence is malpractice action against counsel). Moreover, to the extent Castrodad is alleging that his prior counsel sabotaged his case, we need not address the merits of this argument because ineffective assistance of counsel cannot be grounds for reversal in a civil matter. *Beaudry v. Corrections Corp. of Am.,* 331 F.3d 1164, 1168 (10th Cir.2003), *cert. denied,* —— U.S. ——, 124 S.Ct. 1059, 157 L.Ed.2d 913 (2004).

Further, the alleged impropriety by prior counsel did not affect the result in this case. Castrodad's case was dismissed because he failed to comply with a court order requiring him to retain new counsel and to have new counsel make an appearance by a certain deadline. Castrodad does not explain why he did not comply with the court's order. For instance, he does not contend that he did not have enough time to hire a new attorney. Nor does he explain why he did not proceed *pro se.* Thus, Castrodad has not carried his burden of showing that the district court abused its discretion by dismissing the case.

---

1. We do not discuss defendants-appellees' separate contention that Castrodad's appeal fails because of his brief's failure to comply with the procedural requirements of the Federal Rules of Appellate Procedure. A *pro se* party is not insulated from complying with those rules. *Ahmed v. Rosenblatt,* 118 F.3d 886, 890 (1st Cir.1997). Because Castrodad's appeal lacks substantive merit, we elect to proceed on that basis.