**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re:  MIGUEL LEON; GREGORY LEE, | No. 13-60005 |
| Debtors, | BAP No. 12-1150 |
| DONOVANT GRANT, | MEMORANDUM* |
| Appellant, | |
| v. | |
| MIGUEL LEON; GREGORY LEE, | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Markell, Beesley, and Pappas, Bankruptcy Judges, Presiding

Submitted December 9, 2014**

Before:    WALLACE, LEAVY, and BYBEE, Circuit Judges.

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Donovant Grant appeals pro se from the Bankruptcy Appellate Panel's ("BAP") decision affirming the bankruptcy court's summary judgment in his consolidated adversary proceedings. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo, *Mfrs. Hanover v. Dewalt* (*In re Dewalt*), 961 F.2d 848, 850 (9th Cir. 1992), and we affirm.

The bankruptcy court properly determined that Grant untimely raised his fraud claims because the deadline to file a complaint challenging the dischargeability of the debt had passed. *See* Fed. R. Bankr. P. 4007(c) (a complaint to determine the dischargeability of a debt under 11 U.S.C. § 523(c) must be filed no later than 60 days after the first date set for the meeting of creditors under 11 U.S.C. § 341(a)); *Anwar v. Johnson*, 720 F.3d 1183, 1187, 1189 (9th Cir. 2013) (Rule 4007(c)'s time limit is strict and cannot be extended unless a motion is filed before the time limit expires; there is no excusable neglect exception to the time limit).

We reject Grant's contentions that summary judgment was improper because Grant had been subject to alleged fraudulent misrepresentations, had been allowed to file his complaints, and was purportedly entitled to discovery.

Because we affirm on the basis of untimeliness, we do not consider Grant's contention that Leon and Lee were not entitled to discharge.

We do not consider matters not specifically and distinctly raised and argued in Grant's opening brief to the BAP. *See Burnett v. Resurgent Capital Servs.* (*In re Burnett*), 435 F.3d 971, 976-77 (9th Cir. 2006) (issues not presented to BAP are waived unless there are "exceptional circumstances" to indicate Court of Appeals should exercise discretion to consider the issues).

**AFFIRMED.**