**FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL FOR THE FIRST CIRCUIT

---

**BAP NO. PR 20-030**

---

**Bankruptcy Case No. 19-01133-MCF**

---

**FRANKLIN CASTILLO LOPEZ and
MARIA DOMINGA LEBRON ARES,
Debtors.**

---

**CARLOS MONDRÍGUEZ-TORRES,
Appellant,**

**v.**

**FRANKLIN CASTILLO LOPEZ and
MARIA DOMINGA LEBRON ARES,
Appellees.**

---

**Appeal from the United States Bankruptcy Court
for the District of Puerto Rico
(Hon. Mildred Cabán Flores, U.S. Bankruptcy Judge)**

---

**Before
Bailey, Fagone, and Katz,
United States Bankruptcy Appellate Panel Judges.**

---

**Roberto O. Maldonado Nieves, Esq., on brief for Appellant.
Juan M. Suárez Cobo, Esq., and Warilyn Sánchez Díaz, Esq., on brief for Appellees.**

---

**July 21, 2021**

---

**Fagone, U.S. Bankruptcy Appellate Panel Judge.**

Carlos Mondríguez-Torres (the "Appellant") did not file a timely proof of claim in the debtors' chapter 13 case. After the bar date passed, he asked the bankruptcy court to allow his claim nevertheless, arguing that the deadline had been missed on account of excusable neglect. The bankruptcy court determined that Bankruptcy Rules 9006(b)(3) and 3002(c) precluded the requested relief.[1] The Appellant tried again, this time with a request for reconsideration. The bankruptcy court denied that request as well. In this appeal, the Appellant challenges both of the court's orders. We **AFFIRM** both.

## BACKGROUND

### I.     The Bankruptcy Filing

Franklin Castillo Lopez and Maria Dominga Lebron Ares (the "Debtors") started their chapter 13 case on February 28, 2019. In due course, the clerk sent a Notice of Chapter 13 Bankruptcy Case to the Debtors' creditors, including the Appellant, which indicated the § 341 meeting of creditors was scheduled for April 2, 2019, and the deadline for non-government creditors to file proofs of claim was May 9, 2019. The § 341 meeting was rescheduled for May 9, 2019, and the Appellant attended the meeting accompanied by Attorney Cynthia Navarro. While Attorney Roberto O. Maldonado Nieves represented the Appellant in the chapter 13 case, he was ill on the day of the § 341 meeting and asked his wife, Attorney Navarro, to attend the meeting in his stead. Although the claims bar date was that same day, no timely proof of claim was filed by or on behalf of the Appellant.

---

[1] All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, all references to "Rule" are to the Federal Rules of Civil Procedure, and all references to specific statutory sections are to the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532.

## II. The Appellant's Motion to File Late Claim

More than six weeks after the bar date, the Appellant filed a proof of claim. He also filed a Motion Requesting Allowance of Proof of Claim (the "Motion"), in which he acknowledged he had missed the bar date and requested leave to file a late claim pursuant to Bankruptcy Rule 9006(b), Bankruptcy Rule 9024, and Rule 60(b) which, he contended, empower bankruptcy courts to accept late-filed claims "where the failure to act was the result of excusable neglect." Citing Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993), the Appellant asserted that his failure to file the claim in a timely manner was due to his attorney's illness, which constituted excusable neglect.

The Debtors objected to the Motion, asserting that the bankruptcy court lacked authority under the Bankruptcy Rules to grant it. They highlighted that, while Bankruptcy Rule 9006(b)(1) generally authorizes the bankruptcy court to extend certain expired deadlines for excusable neglect, that authority is limited by Bankruptcy Rule 9006(b)(3), which bars the court from extending the deadline for filing proofs of claim in chapter 13 cases except as provided in Bankruptcy Rule 3002(c). As none of the enumerated exceptions in Bankruptcy Rule 3002(c) were present, they argued, the bankruptcy court lacked authority to allow the late filing of the Appellant's proof of claim.

The Appellant countered that the Debtors had failed to consider Bankruptcy Rule 9024, which makes Rule 60(b) applicable in bankruptcy proceedings. He pointed out that Rule 60(b) authorizes the court to grant relief from a "final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect," or for "any other reason that justifies relief." See Fed. R. Civ. P. 60(b)(1) & (6). Because Bankruptcy Rule 9024 does not limit Rule 60(b)'s applicability in bankruptcy proceedings based on Bankruptcy Rules 9006(b)(3) and 3002(c), he asserted, the bankruptcy court was not bound by Bankruptcy Rule 3002(c)'s constraints and it

3

had discretion to allow the late filing of his claim on the basis of excusable neglect under Rule 60(b)(1). Additionally, recognizing that relief under Rule 60(b)(6) is appropriate only where there is a showing of "exceptional circumstances," the Appellant stated, without elaborating, that this was such a case.

On October 30, 2019, the bankruptcy court entered an order denying the Motion (the "Order"), stating:

> Federal Rule of Bankruptcy Procedure 3002(c) governs the filing of claims by creditors in chapter 13 cases. A creditor has 70 days after the filing of the petition to file a proof of claim if none of the statutory exceptions to late claims is applicable. Certain untimely filed proof[s] of claim[] are excepted from the bar date, but these are limited to the six exceptions listed in Fed. R. Bankr. P. 3002(c)(1)-(6). After reviewing the six exceptions, the court finds that the facts of the instant case do not fall within any of these six exceptions. In addition, Fed. R. Bankr. P. 9006(b)(3) limits the court's jurisdiction to enlarge the time for taking action under Rule 3002(c) to the extent and only under the conditions stated by this particular rule. Consequently, the motion to file claim after bar date (Docket No. 49) is denied.

## III.    The Motion for Reconsideration

Citing Bankruptcy Rule 9023, the Appellant filed a motion seeking reconsideration of the Order (the "Motion for Reconsideration"). The Appellant's chief complaint was that the bankruptcy court had failed to consider Rule 60(b). He reiterated that because Bankruptcy Rule 9024 does not limit Rule 60(b)'s applicability in bankruptcy proceedings based on Bankruptcy Rules 9006(b)(3) and 3002(c), the bankruptcy court had discretion to allow the late filing of his claim for excusable neglect under Rule 60(b)(1).

After conducting a hearing, the bankruptcy court denied the Motion for Reconsideration from the bench, ruling:

> The law is clear that for unsecured creditors in a Chapter 13 case, the claim must be filed within seven[ty] days of the petition date, pursuant to Rule 3002(c). The creditor was notified of the deadline. In order to be able to file an unsecured claim past the bar date, the claimant would need to establish that it falls under one of the six exceptions. None of those exceptions apply here.

The court also held that the excusable neglect standard set forth in Bankruptcy Rule 9006(b)(1),

as articulated by the Supreme Court in Pioneer, is inapplicable in chapter 13 cases:

> [The court] point[s] out that . . . Pioneer . . . does not apply to Chapter 13 cases.
> In Pioneer, the Supreme Court affirmed an appell[ate] judgment that found an
> attorney['s] inadvertent failure to file a proof of claim for the creditors within a
> deadline set by the bankruptcy court could constitute excusable neglect within the
> meaning of . . . Bankruptcy Rule 9006(b)(1).
>
> This rule grants the bankruptcy court discretion to enlarge time periods, but not
> every time period may be enlarged. Rule 9006(b)(1) expressly states that the
> bankruptcy court cannot enlarge time for periods mentioned in paragraphs 2 and 3
> of this subdivision. Subparagraph 3 states that the court may enlarge the time for
> taking action under Rule 3002(c) only to the extent, and under the conditions
> stated in [that rule] . . . .
>
> Rule 3002(c) provides the time for filing claims in . . . Chapter 7, 12, and 13
> cases. . . .
>     . . . .
> In Chapter 13 cases, there is no discretion to enlarge [the] seventy-day period to
> file unsecured claims, except for six exceptions listed in Bankruptcy Rule
> 3002(c)(1) through (c)(6). [The court] cannot apply the excusable neglect
> doctrine to this Chapter 13 case.

The court further explained that, even if Rule 60(b)(1) made the excusable neglect standard

applicable to late-filed claims in chapter 13 cases, the Appellant had not established that his

failure to timely file his proof of claim was the result of excusable neglect:

> As to the excusable neglect argument in Rule 60(b), it is unfortunate that counsel
> for the creditor suffered health issues near the deadline for filing claims.
> However, counsel solicited the assistance of his spouse to aid in the prosecution
> of his client's interests when counsel asked his spouse, who is a bankruptcy
> practitioner, to attend the 341 meeting on his behalf.
>
> At the hearing, it was indicated . . . that the claim of [the Appellant] would
> be filed. Ms. Navarro either knew the deadline was that day of the 341
> meeting, or she should have known by checking the deadline for filing claims.
> Mr. Maldonado asked his spouse to inquire about their client's claim at the
> 341 meeting. These facts, as expressed in the unsworn statement and the minutes
> of the 341 meeting, do not amount to excusable neglect.
>
> Unfortunately, if counsel knew that there was a 341 meeting on May 9th, 2019, he
> . . . should have known that the bar date was also . . . on that date. He instructed

his spouse to attend on his behalf to ask questions about his client's claim, and he should have taken notice of the bar date too . . . .

    . . . .

Considering all the relevant circumstances surrounding the party's omission, it was within the reasonable control of the claimant to file the claim on time. [He] failed to do so.

After the hearing, the bankruptcy court entered an order denying the Motion for Reconsideration (the "Reconsideration Order").

## IV.    The Appeal

The Appellant filed a notice of appeal with respect to the Reconsideration Order. On appeal, he essentially reasserts the same arguments presented below—that, notwithstanding the limitations set forth in Bankruptcy Rules 3002(c) and 9006(b), the court had discretion to allow the late filing of his proof of claim under Rule 60(b)(1) and/or (6) and should have granted the Motion on that basis. The Debtors, on the other hand, insist that our review is limited to the Reconsideration Order and that the bankruptcy court did not abuse its discretion in denying reconsideration.

**APPELLATE JURISDICTION**

## I.    Scope of the Appeal

"As a general rule, a notice of appeal must specify the orders and judgments that the appellant intends to contest." Batiz Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 3 (1st Cir. 2002) (citation omitted). Accordingly, a notice of appeal that only identifies the order denying reconsideration is not typically considered to be an appeal from the underlying judgment. Id. But this "rule of appellate practice . . . is not an immutable one." Canaimex, Inc. v. Mass. Growth Capital Corp. (In re Formatech, Inc.), BAP No. MW 19-016, 2019 WL 7165930, at *4 (B.A.P. 1st Cir. Dec. 19, 2019) (citing Batiz Chamorro, 304 F.3d at 3). "Instead, the court is to 'construe notices of appeal liberally and examine them in the context of the record as

a whole.'" Id. (quoting Batiz Chamorro, 304 F.3d at 3). "The net result is that we have some flexibility about when to overlook omissions in an appellant's notice of appeal." Id. (citing Díaz Aviation Corp. v. Airport Aviation Servs., Inc., 716 F.3d 256, 262 (1st Cir. 2013); Alstom Caribe, Inc. v. Geo. P. Reintjes Co., 484 F.3d 106, 112 (1st Cir. 2007)).

While the notice of appeal does not identify the Order as an appealed order, the Appellant's statement of the issue on appeal—whether the bankruptcy court "erred by denying Appellant's Motion Requesting Leave to File his Proof of Claim beyond the deadline (claims bar date) set forth [i]n this case and whether it also erred by denying the Motion for Reconsideration"—and the arguments presented in his appellate brief evidence his intent to appeal both orders. Further, the questions presented by the Appellant's challenges to both orders overlap to a significant degree. Accordingly, we will review both the Order and the Reconsideration Order.

## II.     Finality

We have jurisdiction to hear appeals from final orders of the bankruptcy court. See 28 U.S.C. § 158(a)-(c); see also Ritzen Grp., Inc. v. Jackson Masonry, LLC, 140 S. Ct. 582, 587 (2020); Bullard v. Blue Hills Bank, 135 S. Ct. 1686, 1692 (2015). A bankruptcy court's order denying a motion to file a late proof of claim is a final, appealable order. Vicenty v. San Miguel Sandoval (In re San Miguel Sandoval), 327 B.R. 493, 505 (B.A.P. 1st Cir. 2005). In the past, the Panel has held that an order denying reconsideration is final if the underlying order is final and, together, the two orders end the litigation on the merits. See, e.g., Jeffrey P. White & Assocs., P.C. v. Fessenden (In re Wheaton), 547 B.R. 490, 495 (B.A.P. 1st Cir. 2016) (citing Schwartz v. Schwartz (In re Schwartz), 409 B.R. 240, 245 (B.A.P. 1st Cir. 2008)). Applying these legal standards here, we conclude we have jurisdiction to review both orders.

To resolve this appeal, we must determine whether the bankruptcy court had authority to allow the late filing of the Appellant's proof of claim in the Debtors' chapter 13 case. "Whether the 'excusable neglect' standard is applicable in [c]hapter 13 cases is a question of law" which is "subject to *de novo* review." Aboody v. United States (In re Aboody), 223 B.R. 36, 37 (B.A.P. 1st Cir. 1998) (citations omitted). The bankruptcy court's interpretation of the Bankruptcy Rules is also reviewed de novo. Fernández Rosado v. Corredera Pablos (In re Fernández Rosado), BAP No. PR 10-080, 2011 WL 4572021, at *3 (B.A.P. 1st Cir. Aug. 10, 2011) (citation omitted). An order denying a request for reconsideration under Bankruptcy Rule 9023 is reviewed "for manifest abuse of discretion." Rodriguez Rodriguez v. Banco Popular de P.R. (In re Rodriguez Rodriguez), 516 B.R. 177, 183 (B.A.P. 1st Cir. 2014) (citation omitted).

**DISCUSSION**

**I. The Bankruptcy Court Did Not Err in Denying the Motion**

**A. The Rules Governing Timely Filing of Proofs of Claim in Chapter 13 Cases**

"In chapter 13 cases, a timely filed proof of claim is a precondition to allowance of the claim and the creditor's right to receive a distribution." In re San Miguel Sandoval, 327 B.R. at 512; see also Fed. R. Bankr. P. 3002(a) (requiring, as a general rule, that creditors file proofs of claim for claims to be allowed). Bankruptcy Rule 3002(c) establishes the deadline for filing proofs of claim in chapter 13 cases. It provides that "a proof of claim is timely filed if it is filed not later than 70 days after the order for relief under that chapter . . . ." Fed. R. Bankr. P. 3002(c). The rule then lists seven exceptions for: (1) claims of governmental units; (2) claims of infants or incompetent persons; (3) unsecured claims arising from a judgment for the recovery of money or property; (4) claims arising from the rejection of an unexpired lease or executory contract; (5) claims in a noticed no-asset case that becomes a potential case with assets;

(6) claims of creditors that were not provided sufficient notice of the case; and (7) holders of claims secured by the debtor's residence seeking to submit attachments to their proofs of claim. See Fed. R. Bankr. P. 3002(c)(1)-(7).[2]

Bankruptcy Rule 9006(b) governs extensions of deadlines established under the Bankruptcy Rules. See Fed. R. Bankr. P. 9006(b); see also Yaquinto v. Ward (In re Ward), 978 F.3d 298, 302 (5th Cir. 2020). "Generally, bankruptcy courts may extend upcoming deadlines 'for cause shown' and may excuse noncompliance with past deadlines 'where the failure to act was the result of excusable neglect.'" In re Ward, 978 F.3d at 302 (quoting Fed. R. Bankr. P. 9006(b)(1)). Under Bankruptcy Rule 9006(b)(3), however, this general rule is inapplicable to certain deadlines, including those established by Bankruptcy Rule 3002(c) for filing proofs of claim in chapter 13 cases. See Fed. R. Bankr. P. 9006(b)(3). Instead, bankruptcy courts "may enlarge the time for taking action under Rule[ ] . . . 3002(c) . . . only to the extent and under the conditions stated in th[at] rule[]. . . ." Fed. R. Bankr. P. 9006(b)(3). It is "well settled in the First Circuit that the proof of claim deadline in chapter 13 cases cannot be extended on the grounds of excusable neglect." Belser v. Nationstar Mortg., LLC (In re Belser), 534 B.R. 228, 235 (B.A.P. 1st Cir. 2015) (citing In re Aboody, 223 B.R. at 39); see also Municipality of Carolina v. Baker Gonzalez (In re Baker Gonzalez), 490 B.R. 642, 649 (B.A.P. 1st Cir. 2013) ("Bankruptcy Rule 9006, in conjunction with Bankruptcy Rule 3002(c), precludes the filing of an untimely proof of claim in . . . chapter 13 cases, except in very limited circumstances."); Rodriguez Ramos v. Banco Popular de P.R. (In re Rodriguez Ramos), 493 B.R. 355, 369 (Bankr. D.P.R. 2013) ("Pursuant to [Bankruptcy Rules] 3002(c) and 9006(b)(3), the court does not have discretion to enlarge the time period to file an unsecured claim in a [c]hapter 13 case, unless one

---

[2] Although Bankruptcy Rule 3002(c) formerly enumerated only six exceptions, it was amended in December 2017 to add a seventh exception. That seventh exception is not implicated in this appeal.

of the exceptions in Rule 3002(c) applies.") (citations omitted); <u>In re Padilla Quinones</u>, No. 10-08219 (MCF), 2011 WL 748115, at *1 (Bankr. D.P.R. Mar. 2, 2011) ("[Bankruptcy Rule] 9006(b)(3) limits the court's jurisdiction to enlarge the time for taking action under Bankruptcy Rule 3002(c) to the extent and only under the conditions stated by this particular rule.").

Here, there is no dispute that the Appellant received notice of the deadline to file his proof of claim, and that he failed to file his proof of claim within the prescribed time frame. Therefore, for his late-filed proof of claim to be deemed timely, the Appellant needed to establish his claim fell within one of the seven exceptions listed in Bankruptcy Rule 3002(c). The Appellant did not argue, let alone demonstrate, that any of the enumerated exceptions applied to his claim. Accordingly, the bankruptcy court did not err in ruling that it lacked authority under Bankruptcy Rules 9006(b)(3) and 3002(c) to allow the Appellant's claim.

### B. Rule 60(b)(1): Relief from Final Judgment, Order, or Proceeding Due to Excusable Neglect

Rule 60(b) authorizes the court to grant relief "from a final judgment, order, or proceeding" for "excusable neglect" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) & (6). "By its terms, Rule 60(b) contemplates the existence of a 'final' judgment, order, or other . . . court proceeding." <u>Waltman v. Georgia-Pacific, LLC</u>, 590 F. App'x 799, 805 n.6 (10th Cir. 2014) (citations omitted). The Appellant does not raise Rule 60(b) in the usual sense—as a basis for seeking relief from a specific court order or judgment—but rather as a basis for granting the Motion in the first instance. He contends Rule 60(b) was applicable as he was seeking relief "from the effects of an order and proceeding (the bar date order, the proof of claim filing process, and the subsequent procedural steps [in the] bankruptcy process in the matter of the merits of the claim)."

Typically, however, courts reject the contention that the excusable neglect standard of Rule 60(b)(1) can relieve a party from the filing deadlines prescribed by the specific rules listed in Bankruptcy Rule 9006(b)(3). See, e.g., Kelly v. Gordon (In re Gordon), 988 F.2d 1000, 1001 n.1 (9th Cir. 1993) (rejecting movant's contention it could be relieved from Bankruptcy Rule 4007(c) deadline for filing dischargeability complaint by filing Rule 60(b) motion based on excusable neglect); Grant v. Leon (In re Leon), No. CC-12-1150-MkBePa, 2012 WL 6554704, at *3 (B.A.P. 9th Cir. Dec. 14, 2012) (same), aff'd, 588 F. App'x 712 (9th Cir. 2014); Infrastructure Serv. Co. v. Firestone, 328 B.R. 804, 807 (C.D. Cal. 2005) (concluding that Bankruptcy Rule 9006(b)(3) forecloses application of Rule 60(b)'s excusable neglect standard); In re Idacrest Farms, Inc., No. 09-03735-JDP, 2010 WL 2926145, at *3 (Bankr. D. Idaho July 26, 2010) (rejecting creditor's request "to be relieved from the reach of the claims deadline [in Bankruptcy Rule 3002(c)] based upon Rule 60(b)-type 'excusable neglect'").

Moreover, we doubt that the claims bar date or the claims filing process constitutes a "final judgment, order, or proceeding" for purposes of Rule 60(b). See Nicholson v. Isaacman (In re Isaacman), 149 B.R. 502, 506 (Bankr. W.D. Tenn. 1993) (stating that clerk's notice to creditors of certain filing deadlines as required by Bankruptcy Rule 2002(f) "is not an order of the court"), rev. on other grounds, 26 F.3d 629 (6th Cir. 1994); see also LeMons v. Sven (In re Sven), No. 06-3117, 2006 WL 3691160, at *6 (C.D. Ill. Dec. 13, 2006) (holding that Rule 60(b) does not authorize bankruptcy court to extend deadlines which are set by rule rather than court order). Even if the excusable neglect standard of Rule 60(b)(1) were somehow applicable in this case, however, the Appellant still would not prevail.

Pioneer instructs that the determination of whether neglect is excusable is an equitable one that depends on all relevant circumstances, including: (1) "the danger of prejudice to the debtor"; (2) "the length of the delay and its potential impact on [the] proceedings"; (3) "the

reason for the delay, including whether it was within the reasonable control of the movant"; and (4) "whether the movant acted in good faith." 507 U.S. at 395 (citation omitted). The Pioneer factors "do not carry equal weight; the excuse given for the late filing must have the greatest import." Tubens v. Doe, 976 F.3d 101, 106 (1st Cir. 2020) (quoting Hosp. del Maestro v. NLRB, 263 F.3d 173, 175 (1st Cir. 2001)).

The Appellant's asserted reason for failing to timely file his proof of claim—his attorney's health issues—is unavailing. Typically, "an attorney's illness does not constitute a per se justification for Rule 60(b) relief." Rivera-Velázquez v. Hartford Steam Boiler Inspection & Ins. Co., 750 F.3d 1, 5 (1st Cir. 2014) (citation omitted); see also Gesualdi v. J.H. Reid, Gen. Contractor, No. 14-cv-4212 (ADS) (GRB), 2017 WL 752157, at *5 (E.D.N.Y. Feb. 27, 2017) (stating in context of Rule 60(b) motion, that "regardless of its seriousness, illness alone is not a sufficient basis for setting aside a judgment" due to excusable neglect). Most courts hold that, to support a finding of excusable neglect, the attorney's illness "must be totally debilitating, at least temporarily[.]" Lynn v. West, No. 2:94CV00577, 2000 WL 1229752, at *3 n.3 (M.D.N.C. Aug. 8, 2000) (quoting Islamic Republic of Iran v. Boeing Co., 739 F.2d 464, 465 (9th Cir. 1984)); see also Rivera-Velázquez, 750 F.3d at 5 (declining to find excusable neglect where "nothing about the attorney's illness suggest[ed] a complete inability to communicate with the court and, in any event, another attorney had entered an appearance in the case") (footnote omitted). "The fact that an attorney performed some litigation tasks during his illness is often taken to show that the illness was not incapacitating." Lynn, 2000 WL 1229752, at *3 n.3 (citations omitted).

Here, the record reflects that on the very day the Appellant's proof of claim was due, the Appellant's counsel, despite his illness, enlisted his spouse to represent the Appellant at the § 341 meeting of creditors. His illness, therefore, was not "incapacitating." See id. Moreover, if

12

counsel knew there was a § 341 meeting on May 9, 2019, he either knew, or should have known, the claims bar date was also on that date. Even if his illness precluded him from filing the proof of claim himself, he could have similarly requested his spouse's assistance in filing it. As the § 341 meeting was held in the morning, Attorney Navarro could have filed the Appellant's proof of claim later that day. She did not do so. In short, we do not see any excusable neglect warranting the requested relief.

### C. Rule 60(b)(6): Relief for Any Other Reason That Justifies Relief

Nor can the Appellant use Rule 60(b)(6) to overcome his failure to timely file a proof of claim. Rule 60(b)(6) provides relief from a final judgment, order, or proceeding for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "This is the 'catch-all' provision, 'appropriate only when none of the first five sections pertain.'" Ross v. Garcia (In re Garcia), 532 B.R. 173, 181 (B.A.P. 1st Cir. 2015) (quoting Ahmed v. Rosenblatt, 118 F.3d 886, 891 n.9 (1st Cir. 1997)). Accordingly, "[w]here, as here, a party's asserted basis for relief falls squarely within the compass of Rule 60(b)(1) [i.e., excusable neglect], Rule 60(b)(6) is not available." Rivera-Velázquez, 750 F.3d at 4 (treating Rule 60(b) motion based upon attorney's illness as falling under Rule 60(b)(1), which precluded any possibility of relief under Rule 60(b)(6)).

Further, the record reveals no "exceptional circumstances justify[ing] extraordinary relief" under Rule 60(b)(6). Bouret-Echevarría v. Caribbean Aviation Maint. Corp., 784 F.3d 37, 44 (1st Cir. 2015) (citation omitted); see also Dávila-Álvarez v. Escuela de Medicina Universidad Central del Caribe, 257 F.3d 58, 67 (1st Cir. 2001) ("[T]o justify relief under Rule 60(b)(6), 'a party must show extraordinary circumstances suggesting that the party is faultless in the delay.'") (quoting Pioneer, 507 U.S. at 393) (other citations omitted). As discussed above, although Attorney Maldonado's illness was certainly out of his control, compliance with the proof of claim deadline was not.

13

We conclude, therefore, that Rule 60(b)(6) was not a viable basis for extending the time to file the Appellant's proof of claim and the bankruptcy court did not abuse its discretion by declining to grant the Motion on that basis.

## II. The Bankruptcy Court Did Not Abuse its Discretion in Denying the Motion for Reconsideration

We have little trouble concluding that the bankruptcy court acted within the bounds of its discretion when it denied the Appellant's request for reconsideration under Bankruptcy Rule 9023. To prevail on a request for reconsideration under Bankruptcy Rule 9023, "the moving party must 'either clearly establish a manifest error of law or must present newly discovered evidence.'" Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (quoting Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146 n.2 (1st Cir. 2004)). Here, the record reveals no error of law, let alone the type of manifest error that would allow a court to grant extraordinary relief. As such, the bankruptcy court did not abuse its discretion in denying the Motion for Reconsideration.

## CONCLUSION

For the reasons articulated, we conclude the bankruptcy court neither erred in denying the Motion nor abused its discretion in denying the Motion for Reconsideration. We **AFFIRM** both orders.